**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**NICOLE SULLIVAN,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　**Case No. 6:12-cv-996-Orl-22DAB**

**COMMISSIONER OF SOCIAL
SECURITY,**

        **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:** June 29, 2012
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED, without prejudice**.

Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).

Here, the Complaint[1] is premised on a claim for improper denial of social security benefits. The affidavit tendered, however, appears incomplete. For example, Plaintiff asserts that she is a "stay

---

[1] The Complaint indicates that a request for extension of time for filing this appeal is still pending before the agency. That suggests that this action is either tardy or premature. The Court declines to address that issue at this time.

at home mom," but lists no dependents. Although Plaintiff applied for a period of disability insurance benefits (which requires a showing of past employment), she lists her date of last employment (and details of same) as "N/A." She lists no monies received from any source, no assets whatsoever except for a truck, and lists no debts other than rent, which her husband pays. Her spouse is employed and makes over $350 a week. Plaintiff does not meet pauper status on this showing. It is **respectfully recommended** that the motion be **denied, without prejudice** to renewal upon a *complete* showing of Plaintiff's pertinent information sufficient to evaluate her financial situation**.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 6, 2012.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy